UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED 2022 APR 11 PM 4:11

BOBBY M. KEMP
Plaintiff.

V.

DOOR DASH
Defendant
_____/

CIVIL SUIT FOR VIOLATION OF ANTITRUST LAW

COMES NOW, the Plaintiff, Pro se and informa pauperis and files this Civil Suit for Violation of Antitrust Law in the above style Cause and in support states the following:

(a) In January 2021, the Plaintiff was approved through 1099 contractual agreement to drive and deliver food for the Defendant.

(b) The Plaintiff did not start driving and delivering for the Defendant until the middle of April 2021.

(c) The Defendant withheld the first ten days of pay and tips earned by the Plaintiffs work causing the plaintiff to become destitute using all the plaintiffs money for gas during deliveries.

(d) This is a violation of the Sherman Act 15 U.S.C. § 1 being a contract in restraint of trade or commerce.

(e) The Per Se standard in Antitrust law looks at the Market effect rather than the particular circumstances of a plaintiffs injury.

(f) In the instant case the Antitrust violations occur by the artificial inflation of the Company's Net worth and stock price by the Contractual restraint of Commerce.

(g) No Notification of the withholding of compensation is given, or if given, it is so buried in the application process to be un-noticable.

(h) It is not only the pay of duties that is withheld from drivers, but also their tips.

(i) The Defendant's Combination of Capital gained from all its first week driver's earnings and tips give the defendant control of its Market value and allow the Defendant to artificially inflate its own stock price and "by such control dictate the price at which the article shall be sold and to render the public subject to the decision of the Combination as to the price of an article" (UNITED STATES V. TRANS-MISSOURI FREIGHT ASSO. 166 U.S. 290)

(j) The Plaintiff seeks this Court's personal jurisdiction under Federal Rules of Civil Procedure 4(e) looking to Florida's long-arm statute Fla. Stat. Ch. 48.193(1)(a) for reason that the Defendant conducted and engaged in business in this state and 28 U.S.C. § 1391(b)(2) This being the judicial district where the Plaintiff lived during which substantial part of the events giving rise to the claim occurred.

(j) The Plaintiff seeks this Court's personal jurisdiction under Federal Rules of Civil Procedure 4(e) looking to Florida's long-arm statute Fla. Stat. Ch. 48.193(1)(a) for reason that the Defendant conducted and engaged in business in this state and 28 U.S.C. § 1391(b)(2) This being the judicial district where the Plaintiff lived during which substantial part of the events giving rise to the claim occurred.

Date 04/07/2022 _____

GARY CASHWELL
NOTARY PUBLIC
STATE OF FLORIDA
NO. HH198502
MY COMMISSION EXPIRES NOV. 15, 2025

STATE OF FLORIDA

COUNTY OF Okeechobee

The foregoing instrument was acknowledged before me this 4/7/22 (date), by Bobby Clemp (name), who is personally known to me or who has produced Booking Photo (type of identification) as identification.

My Commission Expires: 11/15/25

_____
Notary Public

Printed Name: Gary Cashwell        Commission # HH198502

WHEREFORE, the Plaintiff prays this Honorable Court by its order award injunctive relief in the dissallowing of the withholding of New driver's earnings and Tips in the Defendants Contractual agreements.

Date 04/07/2022